WATFORD, Circuit Judge, dissenting: I agree with the court’s discussion of the legal principles that govern resolution of this appeal, but I disagree with the ultimate disposition in this case. As the court explains in section III.A, SSR 83-20 requires an ALJ to appoint a medical advisor to assist in determining a claimant’s disability onset date in either of two situations: (1) when there is a meaningful gap in the medical records; or (2) when the medical records are complete, but the available evidence is nonetheless ambiguous as to the onset date. While there is no significant gap in Nancy Wellington’s medical records, in my view the evidence is ambiguous as to when her anxiety, depression, and post-traumatic stress disorder became disabling. As a result, I think the ALJ was required to appoint a medical advisor here. Evidence in the record supports a disability onset date before May 26, 2010. In the six weeks leading up to December 24, 2008, when Wellington contends she became disabled, she visited the emergency room 11 times. In all of those visits, Wellington complained of, exhibited signs of, or was diagnosed with anxiety. During 2009, Wellington visited the emergency room six more times due at least in part to her anxiety and other mental disorders. During at least eight additional medical visits in 2009, doctors also noted and treated her anxiety. Her doctors increased her anxiety medication dosage at least three times over the course of that year. And on May 4, 2010, Wellington was admitted for a multi-day inpatient hospital stay related to anxiety, followed by an anxiety attack on May 23 and Dr. Cushman’s examination on May 26. This evidence demonstrates that Wellington continually struggled with her mental impairments for at least a year and a half before the date the ALJ determined her disability began. Because the evidence is ambiguous as to when Wellington’s impairments became disabling, I think the ALJ erred in determining that the record conclusively supports May 26, 2010, as the date Wellington’s impairments became severe enough to prevent her from engaging in substantial gainful activity. See SSR 83-20, 1983 WL 31249, at *3. I would remand for the ALJ to appoint a medical advisor in this case.